**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-2519**

———————————

STEPHANY SWART, M.D.,

Plaintiff - Appellant,

v.

SURENDRA PAWAR, M.D.; MONONGALIA RADIOLOGY ASSOCIATES, P.C.,

Defendants - Appellees,

and

MARK KRAULAND; JAMES BOLT; KLINE, KEPPEL & KORYAK, P.C.,

Defendants,

v.

WADE B. STOUGHTON; ERIC D. JOHNSON, M.D.; CYNTHIA JOHNSON,

Third Party Defendants.

———————————

**No. 15-2555**

———————————

STEPHANY SWART, M.D.,

Plaintiff - Appellee,

v.

MONONGALIA RADIOLOGY ASSOCIATES, P.C.,

                Defendant - Appellant,

        and

SURENDRA PAWAR, M.D.; MARK KRAULAND; JAMES BOLT; KLINE, KEPPEL & KORYAK, P.C.,

                Defendants,

            v.

WADE B. STOUGHTON; ERIC D. JOHNSON, M.D.; CYNTHIA JOHNSON,

                Third Party Defendants.

    _____

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cv-00010-IMK-MJA)

    _____

Argued: March 23, 2017                               Decided: April 6, 2017

    _____

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

    _____

Affirmed by unpublished per curiam opinion.

    _____

**ARGUED:** Paul J. Harris, HARRIS LAW OFFICES, Wheeling, West Virginia, for Appellant/Cross-Appellee. James Michael Baggett, MCCANN GARLAND RIDALL & BURKE, Pittsburgh, Pennsylvania, for Appellees/Cross-Appellant. **ON BRIEF:** James T. McClure, GOMPERS MCCARTHY & MCCLURE, Wheeling, West Virginia, for Appellant/Cross-Appellee. William A. Kolibash, PHILLIPS GARDILL KAISER KOLIBASH & ALTMEYER, PLLC, Wheeling, West Virginia, for Appellees/Cross-Appellant.

    _____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Monongalia Radiology Associates ("MRA") is a professional corporation incorporated in Pennsylvania. Until it ceased doing business in December 2011, MRA had its principal office in West Virginia and provided radiological services to two hospitals in West Virginia. MRA has a board of directors composed of two directors: Dr. Surendra Pawar, the president of the corporation, and Dr. Stephany Swart, the secretary and treasurer. Pawar and Swart each hold 50% of the voting shares in MRA, which employed both of them.

At some point in late 2010 or early 2011, the relationship between Swart and Pawar soured and MRA became unable to function effectively. In December 2011, MRA ceased providing radiology services and ceased doing business. MRA's sole office is now in Pennsylvania and its activities are limited to dissolving the corporation's pension plan and responding to litigation.

Swart filed suit in West Virginia state court against Pawar, MRA, and several others; she asserted claims for fraud and breach of fiduciary duty against Pawar and MRA, and conversion against Pawar. MRA counterclaimed against Swart for breach of fiduciary duty, breach of contract, and contractual interference. Pawar also filed counterclaims against Swart. After Swart filed her complaint, one of the other defendants removed the case to federal court with the consent of all defendants. Swart moved to remand, arguing that because she had not given her approval for MRA to consent to removal, MRA had not actually consented and the unanimity requirement of 28 U.S.C. § 1446 had not been met. The district court denied the motion to remand.

3

After over a year of discovery and the dismissal of the other defendants, in a thorough written opinion, the district court dismissed with prejudice some of the parties' claims and counterclaims. The court granted summary judgment to Swart on all of MRA's counterclaims, holding that Pawar did not have the authority as president of MRA to bring claims in the name of the corporation against a co-equal owner and that Pawar had not met the pleading requirements of Federal Rule of Civil Procedure 23.1 to bring a derivative action. The district court also dismissed part of Swart's conversion claim against Pawar and one of Pawar's counterclaims. Swart then voluntarily dismissed with prejudice her conversion claim in its entirety. Several weeks later, the district court dismissed the remainder of Swart's claims and Pawar's counterclaims, holding that their claims were derivative of those of the corporation and that, therefore, neither Swart nor Pawar had standing to bring their claims in a direct action. This appeal and cross-appeal followed.

On appeal, Swart challenges the district court's dismissal of her claims as derivative of those of the corporation, the district court's choice of law determination, and the district court's finding that Pawar had the authority to consent on the corporation's behalf to the removal of the case to federal court. MRA's cross-appeal challenges the district court's determination that Pawar did not have authority to bring counterclaims against a co-equal owner in the name of the corporation and that he had not adequately pled a shareholder's derivative action. Pawar does not appeal the dismissal of his individual counterclaims.

4

After careful consideration of the relevant legal authority and the parties' extensive briefs and oral arguments, we can find no error in the district court's lengthy, detailed, and careful opinions. Accordingly, we affirm on the basis of the district court's excellent opinions.

*AFFIRMED*